UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN A. JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2680 RWS |
| ) | |
| 22nd JUDICIAL CIRCUIT COURT OF MO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this action brought pursuant to 42 U.S.C.§ 1983. After reviewing the financial information provided the Court will grant the motion to proceed in forma pauperis. 28 U.S.C. § 1915. However, plaintiff's complaint will be dismissed for frivolousness and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The only defendant named in this action is the 22nd Judicial Circuit Court of Missouri.

Plaintiff asserts that on January 19, 2011, he was arrested and charged with murder in the first degree and assault in the first degree, as well as two counts of armed criminal action in St. Louis City. He asserts that he was subjected to malicious prosecution and false arrest because he was released two years later on a *nolle prosequi*. Plaintiff claims that "a computer contained 64 voice recordings…of evidence of innocence to the St. Louis Courts on May 5, 2011…[h]owever, no immediate process was initiated to restore life or liberty." He asserts that while he was incarcerated he suffered nerve damage to his right shoulder and hip.

Plaintiff seeks monetary damages and expungement of his record.

**Discussion**

Plaintiff's claims are barred by the five-year statute of limitations and are subject to dismissal.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of

limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).[1]

Additionally, plaintiff's complaint against the state criminal court, or against his criminal court judge, is legally frivolous because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on plaintiff's complaint as it is legally frivolous and/or it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 9th day of November, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest/false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. 549 U.S. 384, 397 (2007).